1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

2

3

PETER L. GRIECO

4

    Plaintiff

            v.　　　　　　　　　**Civil No. 09-1859 (SEC)**

5

DEPARTMENT OF TREASURY, et al

6

    Defendants

7

8

9

**OPINION AND ORDER**

10

    Pending before this Court is Puerto Rico's Department of Treasury, and its Secretary's

11

(collectively "Defendants"), motion to dismiss for lack of subject-matter jurisdiction. Docket

12

# 12. Plaintiff Peter L. Grieco ("Plaintiff") opposed. Docket # 13. After reviewing the filings,

13

and the applicable law, Defendants' motion is **GRANTED**.

14

    **Factual and Procedural Background**

15

    On August 28, 2009, Plaintiff filed suit against Defendants alleging that Defendants

16

failed to respond to his request under the Freedom of Information Act ("FOIA"). Docket # 3.

17

According to the complaint, on May 26, 2009, Plaintiff mailed via Priority Mail to Defendants

18

a request pursuant to FOIA's Section 552, which requires that agencies provide certain

19

information to the public if so requested. 5 U.S.C. § 552. Specifically, Plaintiff requested

20

information about the status of a document previously filed by him at said agency. Plaintiff's

21

request was signed as received by Defendants on June 1, 2009. He avers that Defendants failed

22

to adequately respond within twenty days as required by Section 552(a)(6)(A) of the

23

aforementioned act. 5 U.S.C. § 552(a)(6)(A). According to Plaintiff, as of this date, he has not

24

received a response from Defendants, in violation of FOIA. As such, he moves this Court to

25

order Defendants to provide the requested information.

26

On December 12, 2009, Defendants moved for dismissal, arguing that this Court lacks subject-matter jurisdiction. Docket # 12. In support thereof, they argue that FOIA applies only to federal agencies, not state agencies or entities.

**Standard of Review**

*Fed. R. Civ. P. 12(b)(1)*

Rule 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001).  Under this rule, a wide variety of challenges to the Court's subject matter jurisdiction may be asserted, among them those based on sovereign immunity, ripeness, mootness, and the existence of a federal question. Id. (citations omitted); see also Hernández-Santiago v. Ecolab, Inc., 397 F.3d 30, 33 (1st Cir. 2005) (discussing application of Rule 12(b)(1) challenge in cases where the court allegedly has diversity jurisdiction). Justiciability is a component of a court's subject matter jurisdiction, and, as such, must be reviewed following Rule 12(b)(1)'s standards. Sumitomo v. Quantum, 434 F. Supp. 2d 93 (D.P.R. 2006). A court faced with a Rule 12(b)(1) motion should give it preference. Dynamic Image Technologies, Inc. v. U.S., 221 F. 3d 34, 37 (1st Cir. 2000).  A plaintiff faced with a motion to dismiss for lack of subject matter jurisdiction has the burden to demonstrate that such jurisdiction exists. See Lord v. Casco Bay Weekly, Inc., 789 F. Supp. 32, 33 (D. Me. 1992); see also SURCCO V. PRASA, 157 F. Supp. 2d 160, 163 (D. P.R. 2001).

**Applicable Law and Analysis**

For purposes of FOIA, "'agency' means each authority of the Government of the United States, whether or not it is within or subject to review by another agency..." 5 U.S.C. § 551(1). Interpreting said section, this district has held that the term "agency" under FOIA does not include state or local agencies such as the Puerto Rico Labor and Human Resources Department, and Puerto Rico's Vocational Rehabilitation Administration. Toledo v. P.R. Labor

and Human Resources Dept., 203 F. Supp. 127, 130 (D.P.R. 2002); see also Hernandez v. Esso Std. Oil Co., 252 F.R.D. 118, 119 (D.P.R. 2008) (holding that FOIA is inapplicable to states, territories, and their agencies). Similarly, other courts have found that insofar as  FOIA applies only to "agencies" as defined under 5 U.S.C. § 551(1), "[u]nder these definitions, 'agency' does not encompass state agencies or bodies." St. Michael's Convalescent Hosp. v. California, 643 F.2d 1369, 1373 (9th Cir. 1981).

This Court further notes that Section 551(1) expressly provides that the term "agency" does not include ...(C) the governments of the territories or possessions of the United States..." Although Puerto Rico is commonly mis-perceived as a non-incorporated territory of the United States, an uninterrupted and long-standing line of Supreme Court and First Circuit cases show otherwise. See USA v. Vega-Figueroa, 984 F. Supp. 71, 75 (1997). Since 1953, the First Circuit recognized that in 1952 Puerto Rico ceased being a territory of the United States subject to the plenary powers of Congress. Mora v. Mejias, 206 F.2d 377 (1st Cir. 1953). Specifically, pursuant to Public Law 600, the federal government's authority over Puerto Rico emanates from the compact entered into between Congress and the People of Puerto Rico.  48 U.S.C. § 731(b) 64 Stat. 319 (1950); see also Figueroa v. People of Puerto Rico, 232 F.2d 615, 620 (1st Cir. 1956). As a result of said compact, dual sovereignty akin to that of a state exists between Puerto Rico and the United States. The dual sovereignty doctrine in Puerto Rico has been consistently recognized by the Supreme Court of Puerto Rico, the First Circuit and the United States Supreme Court. Vega-Figueroa, 984 F. Supp. at 75 (citing  Cordova & Simonpietri v. Chase Manhattan Bank, 649 F.2d 36, 39-41 (1st. Cir. 1981); First Fed. S & L Assoc. of P.R. v. Ruiz de Jesus, 644 F.2d 910 (1st Cir. 1981); People v. Castro-Garcia, 120 D.P.R. 740 (1988); Examining Board of Engineers vs Flores, 426 U.S. 572, 594 (1976);  Rodriguez v. Popular

CIVIL NO. 09-1859 (SEC)                                                                      Page 4

Democratic Party, 457 U.S. 1, 8(1982); United States v. Lopez Andino, 831 F.2d 1164 (1st Cir. 1987)).

As a result, albeit courts have recognized that "the legal relationship between Puerto Rico and the United States is far from clear and fraught with controversy...," Vega Figueroa, 984 F. Supp. at 76 (citing Lopez Andino, 831 F.2d 1164 (1st Cir. 1987), the Supreme Court has repeatedly held that Puerto Rico is to be treated as a state, and conferred "'the degree of autonomy and independence normally associated with the states of the union.'" Examining Board of Engineers, 426 U.S. at 594; see also Vega Figueroa, 984 F. Supp. at 76. Thus "Puerto Rico, like a state, is an autonomous political entity..." Popular Democratic Party, 457 U.S. at 8; see also Examining Board of Engineers, 426 U.S. at 594. Based on the foregoing, this Court finds that Puerto Rico's Department of Treasury is a state agency, and insofar as FOIA does not apply to state agencies, it is inapplicable in the case at bar.

In light of the foregoing, this Court finds that Plaintiff cannot assert claims under FOIA against Defendants. Absent other federal claims, this Court lacks subject-matter jurisdiction over the present case.

**Conclusion**

Based on the foregoing, Defendants' motion to dismiss is **GRANTED**, and the instant case is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of February, 2010.

                            *S/ Salvador E. Casellas*
                            SALVADOR E. CASELLAS
                            Senior United States District Judge